**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCELINA SAGURIT VILLENA ) | |
| and PEDRO VILLENA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 10-cv-6351 |
| ) | |
| v. ) | |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| JANET NAPOLITANO, Secretary of ) | |
| U.S. Department of Homeland Security; ) | |
| ERIC H. HOLDER, JR., U.S. Attorney ) | |
| General; ALEJANDRO MAYORKAS, ) | |
| Director, U.S. Citizenship and ) | |
| Immigration Services; CHRISTINA ) | |
| POULOS, U.S. Citizenship and ) | |
| Immigration Services, Director ) | |
| California Service Center, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Marcelina and Pedro Villena, citizens of the Philippines and permanent lawful residents of the United States, filed petitions for visas for their adopted children, Jeffrie and Michelle, who are also their biological grandchildren. The petitions were denied by the Bureau of Citizenship and Immigration Services (CIS) and the denials of Marcelina's petitions were affirmed by the Board of Immigration Appeals (BIA). The Villenas allege that CIS and the BIA ignored evidence and made arbitrary and erroneous rulings on their petitions. They claim that these rulings violated their due process rights and improperly failed to extend comity to the Philippine court that granted their petition to adopt Jeffrie and Michelle. They contend that the

Administrative Procedure Act authorizes this court's reversal of the denial of the visa petitions, and they seek attorneys' fees and costs under the Equal Access to Justice Act. The defendants argue that the Villenas' complaint fails to state a claim upon which relief can be granted and seek its dismissal under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the defendants' motion is granted.

## Background

The parties do not dispute that Marcelina and Pedro Villena Sr. are the biological grandparents of Jeffrie and Michelle Villena. Jeffrie, born in 1986, is the son of the Villenas' son Pedro Villena Jr., and Michelle, born in 1990, is the daughter of the Villenas' daughter Trinidad Riola. According to the Villenas, they took custody of Jeffrie when Pedro Jr. separated from his wife, and took custody of Michelle because Trinidad, having two older children with medical disabilities, was unable to give Michelle adequate care. It is undisputed that the Villenas adopted Jeffrie and Michelle in the Phillippines, effective May 13, 1999.

When the Villenas came to the United States as lawful permanent residents in March 2002, Jeffrie and Michelle remained in the Philippines under the care of another of their daughters. The Villenas each filed visa applications for both Jeffrie and Michelle in December 2002.

CIS addressed Marcelina's applications first. It asked her to provide additional evidence to demonstrate that Jeffrie and Michelle were entitled to visas as a result of the adoptions. After she responded, CIS denied the petitions for both children. She appealed her denials to the BIA, which affirmed the decisions. Pedro was also asked by CIS to provide evidence supporting his petitions. His applications were also denied after he responded, and he did not seek BIA review.

2

The Villenas then brought this action. Their complaint attaches as exhibits their visa applications, the documents provided to CIS in support of those applications, their subsequent correspondence with CIS, and the CIS and BIA decisions.

The Villenas had sought visas for Jeffrie and Michelle under the provisions of the Immigration and Nationality Act, which grants preferential status in the application process to aliens who are the children of lawfully admitted permanent residents. 8 U.S.C. §1153(a)(2)(A). The Act defines the term "child" to include those "adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years." 8 U.S.C. §1101(b)(1)(E). The Act grants the Secretary of Homeland Security broad authority to administer its terms, and that authority includes the power to establish regulations. 8 U.S.C. §§1103(a)(1), 1103(a)(3).

By regulation, the Secretary has established that the Act's two-year residence requirement must be proved by more than the mere showing that adoptive parent and adopted child shared a household for the necessary period. "The evidence must clearly indicate the physical living arrangements of the adopted child, the adoptive parent(s), and the natural parent(s) for the period of time during which the adoptive parent claims to have met the residence requirement. When the adopted child continued to reside in the same household as a natural parent(s) during the period in which the adoptive parent petitioner seeks to establish his or her compliance with this requirement, the petitioner has the burden of establishing that he or she exercised primary parental control during that period of residence." 8 C.F.R. §204.2(d)(vii)(B).

The CIS requests for evidence from Marcelina and Pedro each asked that they provide

3

specific information about their living arrangements with the children during the claimed residence period. The requests sought "exact dates and locations that the adoptive parent(s) and the adopted child physically resided under the same roof." They also sought "exact dates and locations of the adopted child's natural parents' residence during the period when the adoptive parent(s) and adopted child fulfilled the residence requirement as indicated above." The Villenas were advised by CIS that "Affidavits and/or sworn statements alone will not be sufficient. They must be supported by other independent, direct and corroborative evidence."

The evidence produced by the Villenas in response to these requests fell short of the CIS requirements. Both Milena and Pedro offered documents that showed that they had legally adopted Jeffrie and Michelle in the Philippines and that they were the primary financial providers for the children. Neither produced documentary evidence that suggested an address where they or the children had lived, or an address where either child's natural parents lived. Pedro's applications included his affidavit, which asserted that he lived in the same home as each of the children from the 1999 date of their adoption to his 2002 departure to the United States, but no corroboration of that affidavit was produced.

## The Villenas' Claims

The Villenas' complaint alleges that the Administrative Procedure Act, 5 U.S.C. §701, authorizes reversal of the CIS and BIA decisions to deny visas for Jeffrie and Michelle. Reversal is proper only if the decisions are arbitrary, capricious, unsupported by evidence, or otherwise contrary to law. 5 U.S.C. §706. This standard of review does not permit this court to substitute its judgment for that of the administrative bodies, and requires that their decisions be affirmed if there is a rational connection between the facts in the administrative record, the

4

findings of the administrative authorities, and their ultimate decisions. *Howard Young Medical Center Inc. v. Shalala,* 207 F.3d 437, 441 (7th Cir. 2000).

In this case, the Villenas' complaint raises no basis for disturbing the CIS and BIA decisions. The Immigration and Nationality Act established a residency requirement for preferred visa status for adopted children, the Secretary of Homeland Security specified through regulation that applicants must provide detailed proof of the residences of the adoptive parent, the adopted children and the natural parents, and CIS advised the Villenas of the necessary form and substance of that proof. The communications attached to their complaint do not suggest that the Villenas provided the necessary proof, and similarly fail to suggest that the administrative decisions must be reversed.

The Villenas also claim that the visa denials deprived them of due process rights. They contend that they have a constitutionally protected right to live with their family members and that they were denied this right by impermissibly flawed administrative proceedings. The Villenas cite no authority suggesting that family association rights supersede immigration laws. At least one Court of Appeals has indicated that no protected right is infringed when immigration laws prevent a citizen from associating in this country with an individual not legally entitled to be here. *Chiang v. Skeirik,* 582 F.3d 238, 242 (1st Cir. 2009).

But even assuming that for due process purposes, the Villenas have a protected interest in living in the United States with Jeffrie and Michelle, that interest has not been improperly infringed unless the proceedings that resulted in the deprivation suffered from "egregious administrative irregularities." *Sokolov v. Gonzales,* 442 F.3d 566, 569 (7th Cir. 2006). Bias by the tribunal is one such irregularity. *Floriou v. Gonzales,* 481 F.3d 970, 974 (7th Cir. 2007). But

merely arbitrary rulings do not necessarily infringe upon the right to due process. *Ogbolumani v. Napolitano,* 557 F.3d 729, 735-36 (7th Cir. 2009). The Villenas have alleged that the CIS and BIA decisions ignored evidence and that they were incorrect, but they have not claimed that their proceedings suffered from improprieties sufficient to violate their due process rights.

Finally, the Villenas allege that the CIS and BIA decisions improperly ignored principles of comity in that they failed to give effect to Philippine court orders that established them as Jeffrie and Michelle's adoptive parents. But their complaint does not indicate that the visa proceedings failed to recognize the adoption. Those proceedings focused on facts in addition to the Villenas' status as adoptive parents, and their complaint does not claim that the Philippine court addressed or purported to decide those facts.

Since the Villenas' complaint does not suggest a basis for disturbing the CIS and BIA decisions, it fails to plausibly allege that they are entitled to relief and the defendants' motion to dismiss for failure to state a sufficient claim is granted. *Chiang v. Skeirik,* 582 F.3d 238, 243 (1st Cir. 2009). However, it is not clear that the Villenas would be unable to allege facts that would entitle them to some relief. Their complaint is therefore dismissed without prejudice to their right to file an amended complaint within 30 days of this order. *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010).

ENTERED: March 4, 2011

_____
Sharon Johnson Coleman
District Judge

6